UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ONIEL HERNANDEZ                             CIVIL ACTION NO. _____

VERSUS

MAR CONSTRUCTION OF BR, LLC
and ARMANDO MAR PEREZ

# COMPLAINT

Plaintiff, Oniel Hernandez, a resident of the age of majority residing in the Parish of East Baton Rouge, State of Louisiana, files this Complaint against Mar Construction of BR, LLC and Armando Mar Perez, stating the following:

*Jurisdiction and Venue*

1.

This is a Fair Labor Standards Act ("FLSA") lawsuit brought by the plaintiff pursuant to 29 U.S.C. §201 *et seq.* in connection with Defendants' failure to pay him overtime for hours he worked in excess of 40 hours per week.

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (2). The great majority of the facts giving rise to this cause of action occurred within this district, including East Baton Rouge Parish where the employer is domiciled. Further, upon information and belief, both defendants are domiciled within this district.

*Defendants*

4.

Made defendants herein are:

(a) **Mar Construction of BR, LLC**, a limited liability company organized under the laws of the State of Louisiana, domiciled and having its principal place of business in East Baton Rouge Parish, Louisiana; and

(b) **Armando Mar Perez**, a natural person of the age of majority, is a member and manager of Mar Construction of BR, LLC. Upon information and belief, defendant Perez is domiciled in East Baton Rouge Parish, Louisiana.

5.

Mar Construction of BR, LLC ("Mar Construction") is a construction company providing a number of services to its customers. The plaintiff worked as a construction laborer for Mar Construction.

6.

Defendants are the plaintiff's "employers" as that term is defined by the FLSA at 29 U.S.C. 203(d). Defendants suffered or permitted the plaintiff to work on their crews performing construction work. They controlled the method, manner, location, and time of plaintiff's work, and they set the hours that plaintiff was required to work.

7.

Defendant, Mar Construction, is an "enterprise" engaged in interstate commerce as defined by the FLSA, 29 U.S.C. §§203(b) and (s)(1)(A), as Mar Construction is a contractor that engages in construction work and utilizes in that work "goods or materials that have been moved in or produced for commerce." *Brock v. Hamad*, 867 F.2d 804, 807 (4th Cir. 1989).

8.

Defendant, Armando Mar Perez, is a member and manager of Mar Construction. Upon

information and belief, Defendant Perez was ultimately responsible for the practice of depriving the plaintiff and other employees of overtime pay for hours worked in excess of 40 hours per week. He is therefore personally liable to the plaintiff for the damages sought in this lawsuit.

### *Defendants' FLSA Violations*

9.

Plaintiff, Oniel Hernanez, worked for Mar Construction from approximately February through July of 2020.

10.

Plaintiff routinely worked in excess of 40 hours per week – on average he estimates he worked 54 hours per week – but he was not paid overtime as required by the Fair Labor Standards Act. Instead, he was paid a fixed hourly rate, regardless of the number of hours he worked that week.

11.

Plaintiff had a fairly regular work schedule. On Monday through Saturday, he began work at 7:00 am and normally worked until between 3:30 p.m. and 4:30 p.m.

12.

Plaintiff is the non-exempt employee of the defendants under the FLSA. Defendant Perez, as managing member of the company, was responsible for the company's decision not to pay overtime to the plaintiff. He is also the "employer" of the plaintiff, as that term is defined by the FLSA.

13.

Under the Fair Labor Standards Act, plaintiff is entitled to payment of additional wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty

hours per week throughout the duration of his employment. Defendants are also liable for plaintiff's attorney fees and costs.

**WHEREFORE,** plaintiff prays that after all legal delays and proceedings, there be a judgment rendered in favor of the plaintiff and against the defendants, Mar Construction of BR, LLC and Armando Mar Perez, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system

*/s/ Daniel B. Davis*
Daniel B. Davis